UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY ANGELO,

     Plaintiff,

v.                                   Case No.:  2:20-cv-38-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

Plaintiff Jeffrey Angelo filed a Complaint on January 17, 2020.  (Doc. 1).

Plaintiff seeks judicial review of the final decision of the Commissioner of the Social

Security Administration ("SSA") terminating his disability insurance benefits.  The

Commissioner filed the transcript of the administrative proceedings (hereinafter

referred to as "Tr." followed by the appropriate page number), and the parties filed a

joint memorandum detailing their respective positions.  (Doc. 21).  For the reasons

set forth herein, the decision of the Commissioner is **REVERSED AND**

**REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment that can be

expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A),

1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  A claimant's continued entitlement to disability benefits must be reviewed periodically.  20 C.F.R. § 404.1594(a).

## II.    Procedural History

On August 9, 2011, Plaintiff filed an application for disability insurance benefits asserting an onset date of September 2, 2009.[1]  (Tr. at 175).  On March 28, 2014, Plaintiff was awarded disability benefits.  (*Id*. at 171-203).  On July 21, 2017, the Commissioner determined that Plaintiff was no longer entitled to benefits.  (*Id*. at 268-73).

Thereafter, Plaintiff filed a Request for Reconsideration and a Request for Hearing by Administrative Law Judge ("ALJ").  (*Id*. at 274).  A hearing was held before ALJ William G. Reamon on July 27, 2018.  (*Id*. at 40-75).  The ALJ issued an unfavorable decision on November 26, 2018, finding that Plaintiff's disability ended on August 1, 2016.  (*Id*. at 12-30).

---

[1]  The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017).  The new regulations, however, do not apply in Plaintiff's case because Plaintiff filed his claim before March 27, 2017.

On November 20, 2019, the Appeals Council denied Plaintiff's request for review.  (*Id*. at 1-6).  Plaintiff filed a Complaint in the United States District Court on January 17, 2020.  (Doc. 1).  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (Doc. 14, 17).  This matter is, therefore, ripe for review.

**III.      Summary of the Administrative Law Judge's Decision**

Generally, an ALJ follows a five-step evaluation to determine whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  When the issue is cessation of disability benefits, however, the ALJ must follow an eight-step evaluation to determine whether a plaintiff's disability benefits should continue.  *See* 20 C.F.R. § 404.1594(f).

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity.  *Id.*  If not, then, at step two, the ALJ must determine whether the claimant has an impairment or combination of impairments that meet or equal the severity of an impairment in the listings.  *Id.*  If the claimant can satisfy a listing, then the claimant's "disability will be found to continue."  *Id*.  If not, then, at step three, the ALJ must determine whether the claimant has experienced medical improvement as shown by a decrease in medical severity.  *Id.*  If there has been medical improvement, then the ALJ proceeds to step four, and if not, then the ALJ proceeds to step five.  *Id.*

If there has been medical improvement, then, at step four, the ALJ must determine whether the medical improvement relates to the claimant's ability to work – *i.e.*, whether there has been an increase in the claimant's residual functional capacity ("RFC"). *Id.* If the medical improvement does not relate to the ability of claimant to do work, then the ALJ proceeds to step five; if it is related to the ability of claimant to do work, then the ALJ proceeds to step six. *Id.*

At step five, the ALJ determines whether any exceptions listed in 20 C.F.R. §§ 404.1594(d) and (e) apply. *See* 20 C.F.R. § 404.1594(f). If none of them apply, then the claimant's disability will be found to continue. *Id.* If an exception from (d) applies, then the ALJ must proceed to step six. *Id.* If an exception from (e) applies, then a claimant's disability will be found to have ended. *Id.*

If there is medical improvement that is shown to be related to a claimant's ability to do work, then, at step six, the ALJ must determine whether all of the claimant's current impairments in combination are severe. *Id.* If the evidence shows that a claimant's current impairments in combination do not significantly limit the claimant's physical or mental abilities to do basic work activities, then these impairments will not be considered severe, and the claimant will no longer be considered disabled. *Id.* If the evidence shows significant limitations in a claimant's ability to do basic work activities, then the ALJ will proceed to step seven. *Id.*

At step seven, if a claimant's impairments are severe, the ALJ will assess the claimant's RFC and the claimant's ability to do perform past relevant work. *Id.* If

the claimant is unable to return to past relevant work, then, at step eight, the ALJ will determine whether the claimant is able to do other work given Plaintiff's RFC, age, education, and past work experience.  *Id.*

Here, the ALJ found the most recent favorable medical decision finding Plaintiff was disabled was the decision dated March 28, 2014.  (Tr. at 17).  The ALJ determined that this decision is known as the "'comparison point decision' or CPD." (*Id.*).  At the time of the CPD, the ALJ found Plaintiff to have the following medically determinable impairments:

> [D]isruption of the anterior talofibular ligament of the left ankle with history of a severe ankle sprain; small plantar spur; left hallux hiatus, cervical spondylosis; mild degenerative changes/spondylosis and mild dextroscoliosis of the thoracic spine; mild degenerative disc disease, disc space narrowing and mild facet joint degenerative changes in the lumbar spine at L4-5 and L5-Sl; small anterior osteophytes and a broad-based posterior central disc herniation at L4-L5; migraine headaches; obesity; an adjustment/mood disorder related to general medical condition (headaches); major depressive disorder, recurrent; generalized anxiety disorder; panic disorder without agoraphobia; pain disorder secondary to general medical condition; cannabis abuse; bronchitis and sinusitis; simple hyperopia, compound myopic astigmatism, and presbyopia; and a small hiatal hernia.

(*Id.*).  The ALJ noted, therefore, that Plaintiff had an RFC:

> [T]o stand and walk intermittently and for about two hours total in an eight-hour workday; sit about six hours total in an eight-hour workday with ability to alternate sitting with standing/walking at will; avoid climbing ladders and scaffolds and walking on rough or uneven terrain; occasionally balance, climb stairs/ramps, squat/crouch, kneel, stoop, and crawl; understand and remembering complex instructions; carry out complex instructions;

5

> making judgments on complex work-related decisions; with occasional difficulty in relating appropriately with others and in appropriately dealing with stress; with inability to meet employment attendance and punctuality standards and inability to complete an 8-hour workday and 40-hour workweek on a regular and continuing basis.

(*Id.*).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful through the date of the decision.  (*Id.*).  At step two, the ALJ found that since August 1, 2016, Plaintiff suffered from the following medically determinable impairments:

> cervical degenerative disc disease with facet arthropathy; lumbar degenerative disc disease with disc bulging, neural foraminal stenosis, and history of lumbar fusion; affective disorder; anxiety disorder; cannabis use disorder; benzodiazepine use disorder; alcohol abuse disorder; obesity; right hip osteoarthritis with history of right hip arthroscopy and labral debridement; and left cubital tunnel syndrome with history of surgical repair.

(*Id.* at 17-18).  The ALJ also found that Plaintiff "has not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 404.1525 and 404.1526)" since August 1, 2016.  (*Id.* at 18).

At step three, the ALJ determined that "[m]edical improvement occurred on August 1, 2016 (20 [C.F.R. §] 404.1594(b)(l))."  (*Id.* at 19).  At step four, the ALJ determined that as of August 1, 2016, the impairments present at the time of the CPD had decreased in medical severity to the point where Plaintiff had the RFC:

> [T]o perform sedentary work, except that he cannot operate foot pedals with the bilateral lower extremities and requires the option to change between a sitting and standing position at least once every 30 minutes. The claimant cannot climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs. He can only occasionally balance, stoop, kneel, crouch, and crawl. The claimant can tolerate no exposure to hazards such as dangerous moving machinery and unprotected heights. The claimant is limited to unskilled work with a Specific Vocational Preparation (SVP) of 2 or less. He can tolerate no more than occasional interaction with the general public, coworkers, and supervisors. He can tolerate work involving only occasion adjustments in the work process or setting.

(*Id.* at 20). Thus, ALJ found that the "medical improvement is related to the ability to work because it resulted in an increase in the claimant's [RFC] (20 [C.F.R. §] 404.1594(c)(3)(iii))." (*Id.*). At step six, the ALJ determined that Plaintiff "has continued to have a severe impairment or combination of impairments (20 [C.F.R. §] 404.1594(f)(6))" since August 1, 2016. (*Id.*).

At step seven, the ALJ found that based on the impairments present as of August 1, 2016, Plaintiff has had the RFC:

> [T]o perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except that he cannot operate foot pedals with the bilateral lower extremities and requires the option to change between a sitting and standing position at least once every 30 minutes. The claimant cannot climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs. He can only occasionally stoop, kneel, crouch, and crawl. The claimant can no more than frequently handle and finger with the left upper extremity. He can tolerate no exposure to dangerous moving machinery and unprotected heights. He is limited to unskilled work with a Specific Vocational Preparation (SVP) of 2 or less. He can tolerate no more than occasional interaction with the general public, coworkers, and supervisors. He can tolerate

work involving only occasional changes in the work process
or setting.

(*Id.* at 20-21).  Additionally, the ALJ determined that as of "August 1, 2016, the

claimant has been unable to perform past relevant work (20 [C.F.R. §] 404.1565)."

(*Id.* at 27).

At step eight, after considering Plaintiff's age, education, work experience, and

RFC based on the impairments present as of August 1, 2016, the ALJ determined

that there are jobs that exist in significant numbers in the national economy that

Plaintiff can perform.  (*Id.* at 28).  Specifically, after obtaining the testimony of a

vocational expert ("VE"), the ALJ determined that Plaintiff was able to perform the

following jobs:  (1) lampshade assembler, DOT# 739.684-094; (2) addresser, DOT#

209.587-010; and (3) lens inserter, DOT# 713.687-026.  (*Id.* at 29).  The ALJ,

therefore, concluded that Plaintiff's "disability ended on August 1, 2016, and

[Plaintiff] has not become disabled again since that date (20 [C.F.R. §]

404.1594(f)(8))."  (*Id.* at 30).

## IV.    Standard of Review

The scope of this Court's review is limited to determining whether the ALJ

applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.

1988), and whether the findings are supported by substantial evidence, *Richardson v.

Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are

conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial

evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create

a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

## V.     Analysis

On appeal, Plaintiff raises four issues. As stated by the parties, the issues are:

1.    Whether substantial evidence supports the ALJ's decision that medical improvement related to the ability to work occurred;

2.    Whether the ALJ include[d] all mental limitations in his RFC including his finding that Plaintiff suffered from moderate deficiencies in concentrating, persisting, or maintaining pace;

3.    Whether Mr. Angelo was unable to sustain competitive work activity for any period of at least twelve month[s] in light of his over 90 days of medical treatment appointments; and

> 4.     Whether the ALJ pose[d] a complete hypothetical to the VE regarding the sit/stand option, and whether the VE's answer on the record regarding the sit/stand option constitutes substantial evidence.

(Doc. 21 at 8, 34, 39, 43).  The Court addresses each issue in turn below.

## A.     The ALJ Erred in His Analysis of Whether Plaintiff Experienced a Medical Improvement.

As his first argument, Plaintiff asserts that because this is a cessation case, the Commissioner has a higher burden to show that Plaintiff is able to engage in substantial gainful activity.  (*Id.* at 8-10).  Plaintiff maintains that substantial evidence does not support the ALJ's finding that Plaintiff's condition improved because the medical evidence of record shows that some impairments remained the same and others worsened.  (*Id.* at 10).  In support, Plaintiff cites and summarizes VA treatment records dating back to September 2009, medical records from treating and examining physicians, and consultative examinations performed in June and July 2016.  (*See id.* at 10-15 (citing Tr. at 547-613, 640-93, 701-87, 832-934, 935-37, 957-1032, 1033-45, 1052-62, 1088-1109, 1111-16, 1117-20, 1126-43, 1144-78, 1229-1318, 1319-89, 1560-62, 1563, 1564-1774)).

Additionally, Plaintiff highlights that during the Cessation of Disability Determination, the State agency examiner noted that Plaintiff was not taking antidepressants at the time of the June 2016 physical examination.  (*Id.* at 15 (citing Tr. at 223)).  Plaintiff argues, however, that he was taking Venlafaxine at that time.  (*Id.* (citing Tr. at 1118)).  Plaintiff maintains that this discrepancy is not harmless

because these exams are what prompted the cessation review and that the ALJ ultimately relied on the findings from these exams to support his decision. (*Id.* at 15-16 (citations omitted)).

Moreover, Plaintiff contends that "[t]he records immediately predating the cessation date of 8/1/16, ([summarized by Plaintiff]) do not provide substantial evidence of medical improvement sufficient to perform work activity 8 hours per day, 5 days per week." (*Id.* at 16). Specifically, Plaintiff maintains that the records show that the frequency of his migraine headaches, his depression, and his anxiety have not improved. (*Id.*). Plaintiff notes that the ALJ in the prior disability decision specifically articulated Plaintiff's headaches and other pain as the basis for finding him disabled. (*Id.* (citing Tr. at 189)). Further, Plaintiff summarizes treatment notes in which doctors found that his mental impairments continued and caused him to be disabled under the Listings. (*Id.* at 16-19 (citing Tr. at 1123, 1152-57, 1168-69, 1255-60, 1270-73, 1278-80, 1560-62, 1609-14, 1632-33, 1671-72, 1719-21)). Plaintiff appears to assert that because these opinions are from treating doctors, they are entitled to greater weight than the opinion of a consultative examiner. (*See id.* at 19-20 (citations omitted)). Yet, Plaintiff maintains that the ALJ erroneously relied on statements from one-time consultative examiners in finding that Plaintiff's mental impairments had improved. (*Id.* at 20).

Plaintiff further notes that he was involved in a motor vehicle accident in January 2017, which exacerbated his physical impairments. (*Id.* at 20-21 (citing Tr. at 1213, 1278-80, 1303)). Plaintiff maintains that the State agency examiners and

reviewing officers did not know the effects of the accident.  (*Id.* at 21).  Plaintiff

contends that he sought treatment for the pain resulting from the car accident –

eventually undergoing surgery – and summarizes the relevant records.  (*Id.* at 21-22

(citing Tr. at 1213, 1246, 1303, 1335, 1391-92, 1412, 1417, 1421-23, 1428, 1468,

1474-1515, 1702-03, 1712, 1776)).  Plaintiff also appears to assert that the evidence

shows that he was more hostile towards healthcare staff than the ALJ determined.

(*Id.* at 21-22 (citing Tr. at 1239, 1270-73, 1277, 1289, 1421, 1632-33, 1635, 1647-49,

1653, 1654-56, 1671-72, 1686, 1687, 1688, 1684-85, 1695-96)).  Ultimately, Plaintiff

essentially argues that the ALJ did not properly consider the medical evidence when

determining that Plaintiff had experienced a medical improvement.  (*See id.* at 22).

        In response, Defendant maintains that Plaintiff bears the burden to show that

he is disabled as defined by the SSA and that Plaintiff was not entitled to a

presumption of continuing disability.  (*Id.* at 22-23 (citations omitted)).  Defendant

contends that Plaintiff failed to meet his burden and that substantial evidence

supports the ALJ's decision.  (*Id.* at 23).

        Defendant argues that the ALJ applied the proper standard when comparing

Plaintiff's condition from the date of the most recent favorable decision to Plaintiff's

subsequent condition.  (*See id.* at 23-24 (citations omitted)).  In support, Defendant

notes that Plaintiff does not challenge the ALJ's evaluation of his prior favorable

decision.  (*Id.* at 24-25).  Additionally, Defendant asserts that the ALJ provided

substantial evidence for his evaluation of Plaintiff's RFC as of his Cessation Date.

(*Id.* at 25).  Specifically, Defendant notes that the ALJ undertook "an in depth [sic]

review of the medical records," noting that the exams showed "few if any, limitations starting in 2016." (*Id.* (citing Tr. at 22, 24, 1046-87, 1110-15, 1126-43)). Defendant also highlights that the ALJ reviewed other medical records and confirmed that they supported a finding that Plaintiff could perform sedentary work. (*Id.* (citing Tr. at 22-23, 1203-28, 1257, 1264-72, 1398-1428, 1435-36, 1451, 1452, 1474-1515, 1564-1774, 1723-24)).

Defendant also maintains that the ALJ noted Plaintiff's motor vehicle accidents from January 2017 and April 2018, but also noted that by September 2018, "Plaintiff ambulated without difficulty, had intact sensation, full strength, negative straight leg raise, and a full range of motion." (*Id.* at 26 (citing Tr. at 21-23, 1213, 1405, 1775-78)). Defendant asserts that the ALJ further addressed Plaintiff's treatment records, noting that by March 2018, the VA determined that Plaintiff did not need further neurosurgical intervention. (*Id.* (citing Tr. at 21, 23, 1209-28, 1398-1428, 1477)). Thus, Defendant argues that substantial evidence supports the ALJ's RFC assessment and finding of medical improvement. (*Id.* (citations omitted)).

Moreover, Defendant contends that the ALJ further supported his decision with citations to the consultative examinations. (*Id.* at 26-28). Specifically, Defendant asserts that Dr. Kibria's and Dr. Bowman's reports support the ALJ's findings. (*Id.* at 26-28 (citing Tr. at 22-26, 111-15, 474-81, 1118-19)). Defendant notes that State agency consultants may be entitled to great weight. (*Id.* at 27 (citations omitted)). Furthermore, Defendant maintains that the ALJ considered Plaintiff's entire medical record and the related records when determining Plaintiff's

credibility.  (*Id.* at 28-29 (citations omitted)).  Thus, Defendant asserts that Plaintiff's argument essentially asks the Court to reweigh the evidence, which the Court cannot do.  (*Id.* at 29-30 (citations omitted)).

Finally, Defendant argues that the ALJ provided good cause, supported by substantial evidence, to assign the opinion of Dr. Leone, Plaintiff's treating psychiatrist, little weight.  (*Id.* at 30-34).  In support, Defendant notes that the ALJ fully considered Dr. Leone's opinion, and properly found it was entitled to little weight because the opinion "was conclusory, inconsistent with Dr. Leone's own treatment records, and inconsistent with other evidence in the file including Dr. Bowman's consultative examination."  (*Id.* at 30-31 (citations omitted)).  Additionally, Defendant argues that substantial evidence supports the ALJ's finding, highlighting the ALJ's record citations.  (*See id.* at 31-33 (citations omitted)).  Ultimately, Defendant contends that because the ALJ complied with the regulations in assigning Dr. Leone's opinion little weight, the Court cannot "reweigh the evidence based on Plaintiff's preferred reading of the facts."  (*Id.* at 33-34 (citations omitted)).

In a case involving the cessation of benefits, "there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability."  *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (citation omitted).  "Medical improvement" is defined as "any decrease in the medical severity of [the plaintiff's] impairment(s) which was present at the time of the most recent favorable medical decision that [the plaintiff was] disabled or

continued to be disabled." 20 C.F.R. § 404.1594(b)(1). The burden is on the Commissioner to show that the claimant is no longer disabled as of the cessation date because the plaintiff has experienced "medical improvement." *Olivo v. Colvin*, No. 6:16-cv-259-Orl-40JRK, 2017 WL 708743, at *5 (M.D. Fla. Jan. 30, 2017), *report and recommendation adopted sub nom. Olivo v. Comm'r of Soc. Sec.*, No. 6:16-cv-259-Orl-40JRK, 2017 WL 700367 (M.D. Fla. Feb. 22, 2017); *Soto v. Comm'r of Soc. Sec. Admin.*, No. 5:19-cv-568-Oc-MAP, 2020 WL 4048210, at *2 (M.D. Fla. July 20, 2020).

In determining whether there has been medical improvement, the ALJ must "evaluate the medical evidence upon which [the plaintiff] was originally found to be disabled," and compare it with the new medical evidence. *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984); *see also Simone v. Comm'r of Soc. Sec. Admin.*, 465 F. App'x 905, 908 (11th Cir. 2012) (citations omitted). "Without such a comparison, no adequate finding of improvement c[an] be rendered." *Vaughn*, 727 F.2d at 1043 (emphasis omitted). Additionally, the Eleventh Circuit has emphasized that it is insufficient for the ALJ to merely perform a cursory comparison. *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984). Rather, the ALJ must "actually compare" the old evidence with the new evidence. *Id.*

As an initial matter, Plaintiff asserts that substantial evidence does not support the ALJ's finding that there was medical improvement because the medical evidence suggests otherwise. (*See* Doc. 21 at 8-22). The Court, however, finds that it cannot

determine whether substantial evidence supports the ALJ's finding of medical improvement because the ALJ failed to perform the requisite comparison. *See Vaughn*, 727 F.2d at 1043.

While the ALJ acknowledged the CPD's findings his decision, he did not address the medical evidence supporting the findings. (*See* Tr. at 17). Rather, the ALJ merely summarized the findings, stating, in full, that:

> At the time of the CPD, the claimant had the following medically determinable impairments:  disruption of the anterior talofibular ligament of the left ankle with history of a severe ankle sprain; small plantar spur; left hallux hiatus, cervical spondylosis; mild degenerative changes/ spondylosis and mild dextroscoliosis of the thoracic spine; mild degenerative disc disease, disc space narrowing and mild facet joint degenerative changes in the lumbar spine at L4-5 and L5-Sl; small anterior osteophytes and a broad-based posterior central disc herniation at L4-L5; migraine headaches; obesity; an adjustment/mood disorder related to general medical condition (headaches); major depressive disorder, recurrent; generalized anxiety disorder; panic disorder without agoraphobia; pain disorder secondary to general medical condition; cannabis abuse; bronchitis and sinusitis; simple hyperopia, compound myopic astigmatism, and presbyopia; and a small hiatal hernia. These impairments were found to result in the [RFC] to stand and walk intermittently and for about two hours total in an eight-hour workday; sit about six hours total in an eight-hour workday with ability to alternate sitting with standing/walking at will; avoid climbing ladders and scaffolds and walking on rough or uneven terrain; occasionally balance, climb stairs/ramps, squat/crouch, kneel, stoop, and crawl; understand and remembering complex instructions; carry out complex instructions; making judgments on complex work-related decisions; with occasional difficulty in relating appropriately with others and in appropriately dealing with stress; with inability to meet employment attendance and punctuality standards

> and inability to complete an 8-hour workday and 40-hour
> workweek on a regular and continuing basis.

(*Id.*).  The Court finds this mere reference to the CPD's findings does not equate to a comparison of the evidence, even if considered along with the rest of the decision. *See Soto*, 2020 WL 4048210, at *3 (citations omitted) (finding that the ALJ's refence to the CPD does not equate to the requisite comparison between the old and new medical evidence).

Likewise, the Court finds that the ALJ did not adequately compare the evidence when finding that Plaintiff experienced a medical improvement.  At step three, the ALJ found that "[m]edical improvement occurred on August 1, 2016 (20 [C.F.R. §] 404.1594(b)(l))."  (Tr. at 19).  In support, the ALJ highlights only medical evidence after 2016:

> The medical evidence supports a finding that, by August 1,
> 2016, there had been a decrease in medical severity of the
> impairments present at the time of the CPD.  Medical
> records from 2016 and later do not suggest that the claimant
> would have any difficulty maintaining a fulltime work
> schedule, and instead show largely mild signs of physical
> and mental impairment at examinations with treating
> providers and at the consultative examinations (*see, e.g.*, [Tr.
> at 1046-87, 1110-15, 1116-20, 1126-43, 1144-78, 1129-1318,
> 1429-73, 1564-1774]).

(*Id.* at 19-20).  The Court finds the implicit reference to Plaintiff's prior medical impairments insufficient to constitute an actual comparison of the prior medical evidence and the current medical evidence.  *See Freeman*, 739 F.2d at 566.

Finally, the Court finds that the ALJ failed to perform the requisite comparison when reviewing the medical evidence during the RFC narrative.

Specifically, as with his findings at step three, the ALJ's findings in the RFC narrative focus almost exclusively on medical evidence dated after the CPD. (*See* Tr. at 20-27). In fact, only three broad and conclusory statements are supported by records that predate the CPD:

> In addition to the claimant's testimony, the undersigned has read and considered the written statements of the claimant and his representatives, and the claimant's statements to the consultative examiners ([Tr. at 358-64, 369-71, 372-85, 386-95, 389-402, 403, 404, 429, 466-73, 474-81, 487-93, 497-503, 506-12, 513-19, 538, 539-44, 614-17, 618-21, 1110-15, 1116-20]).

(*Id.* at 22).

> In determining the claimant's [RFC], the undersigned has reviewed and considered the claimant's complete medical history, submitted by the claimant and the claimant's representative, including the medical records dated prior to the period at issue in this claim ([Tr. at 547-1778]).

(*Id.*).

> The claimant has a history of surgery on his left ankle in 2007 and 2012 ([*see* Tr. at 694-99, 1047, 1476]).

(*Id.* at 24). These statements do not address or compare the prior medical evidence but rather merely suggest that the ALJ reviewed them. (*See id.*). Indeed, other than noting Plaintiff's prior surgery, the ALJ fails to discuss the prior medical records at all. (*See id.*). Additionally, two of the three statements are also supported by evidence that post-date the CPD. (*Id.* at 22).

Moreover, the rest of the RFC narrative focuses exclusively on evidence that post-dates the CPD. (*See* at 19-27). At no point does the ALJ undertake an actual

comparison of the evidence predating the CPD and the evidence post-dating the CPD, as required.  (*See id.*).  Thus, the ALJ appears to have erroneously treated the case as though it were an original application for benefits.  (*See id.*).  Such treatment is grounds for remand.  *See Freeman*, 739 F.2d at 566 ("Because the ALJ did not consider the issue of improvement but instead treated the case as though it were an original application for benefits, the case must be considered under the proper legal standard.").

As a final matter, to the extent the ALJ may have cited to and relied on records that determined that a medical improvement occurred, this does not satisfy the ALJ's obligation to compare Plaintiff's prior medical records with his new medical records.  *See Olivo v. Colvin*, No. 6:16-cv-259-Orl-40JRK, 2017 WL 708743, at *5 (M.D. Fla. Jan. 30, 2017), *report and recommendation adopted sub nom. Olivo v. Comm'r of Soc. Sec.*, No. 6:16-cv-259-Orl-40JRK, 2017 WL 700367 (M.D. Fla. Feb. 22, 2017) (finding that the ALJ's citation to a decision that compared the prior medical evidence with the new medical evidence did not satisfy the ALJ's duty to perform such comparison); *see also Loudermilk v. Soc. Sec. Admin., Comm'r*, No. 4:19-cv-00387-HNJ, 2020 WL 3422214, at *6 (N.D. Ala. May 20, 2020), *report and recommendation adopted sub nom. Loudermilk v. Saul*, No. 4:19-cv-00387-HNJ, 2020 WL 3421474 (N.D. Ala. June 22, 2020) (collecting cases).

In sum, although the ALJ summarily concluded that "[m]edical improvement occurred on August 1, 2016 (20 [C.F.R. §] 404.1594(b)(l))," the Court finds that the ALJ did not substantively compare the prior and current medical evidence as

required by 20 C.F.R. § 404.1594(c)(1) and Eleventh Circuit precedent.  Thus, the Court finds that the decision must be reversed for an application of the proper legal standards.  *See Klaes v. Comm'r, Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012) (citing *Vaughn*, 727 F.2d at 1043 for the proposition that "[i]f the ALJ fails to evaluate the prior medical evidence and make [the requisite] comparison" the case must be remanded).

### B.    Plaintiff's Remaining Arguments.

Plaintiff's remaining arguments focus on a number of issues that cannot be resolved until it is clear to the Court that the ALJ properly considered whether a medical improvement had occurred.  Indeed, the other three issues raised by Plaintiff relate to findings that the ALJ makes only if he determines that a medical improvement relating to Plaintiff's ability to work has occurred.  Moreover, a comparison of the prior medical evidence with the new medical evidence may impact the analysis of other elements of the ALJ's decision.  As a result, the Court finds that any ruling on Plaintiff's remaining arguments is premature at this time.  Upon remand, the ALJ must reevaluate the entire medical evidence of record in evaluating Plaintiff's case.

## VI.    Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds the ALJ erred in failing to actually compare the prior medical evidence to the new medical evidence when determining whether a medical improvement had occurred.  Accordingly, the Court **ORDERS** that:

1.      The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2.      On remand, the Commissioner must:

Properly compare the prior medical evidence with the new medical evidence to determine whether a medical improvement occurred.

3.      The Court suspends application of Local Rule 7.01 in this action. A motion for fees and costs must be filed as a single motion requesting a determination of both entitlement and amount. If Plaintiff prevails on remand, Plaintiff must comply with the November 14, 2012 Order (Doc. 1) in Case Number 6:12-mc-124-Orl-22.

4.      The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 20, 2021.

_____
Mac R. McCoy
United States Magistrate Judge


Copies furnished to:

Counsel of Record
Unrepresented Parties